## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BRIGHTHOUSE LIFE INSURANCE
COMPANY,

               Plaintiff,

                                   Case No.
     v.                           Hon.

RANDY JACKSON, DRB CAPITAL, LLC,
YOLANDA KEYES, as Conservator of
the Estate of Randy Jackson.

               Defendants.

---

## <u>COMPLAINT FOR INTERPLEADER</u>

Plaintiff, Brighthouse Life Insurance Company ("Brighthouse"), by and through its undersigned counsel, brings this Complaint for Interpleader pursuant to 28 U.S.C. § 1335 against Defendants, Randy Jackson, Yolanda Keyes, as Conservator of the Estate of Randy Jackson, and DRB Capital, LLC, and in support hereof, avers as follows:

### <u>PARTIES</u>

1. Brighthouse, at all relevant times hereinafter mentioned, is an insurance company organized and existing under and by virtue of the laws of the Delaware, with its principal place of business in Charlotte, North Carolina. It is authorized to do business in the State of Michigan.

2.      Upon information and belief, Randy Jackson is an adult individual who resides at 2641 Breezeway St., North Branch, Michigan, and therefore is deemed to be a resident of the State of Michigan.

3.      After a reasonable attempt to determine the identities of the members of DRB Capital, LLC, upon information and belief, none of the members of DRB Capital, LLC are citizens of the State of Michigan.  Upon information and belief, DRB Capital, LLC is located at 1625 S. Congress Ave., Suite 200, Delray Beach, Florida.   Its registered agent for service of process in Michigan is Capitol Corporate Services, Inc., 42180 Ford Rd., Suite 101, Canton, Michigan 48187.

4.      Upon information and belief, Yolanda Keyes is an adult individual who resides at 2934 Carina Drive, North Branch, Michigan, and therefore is deemed to be a resident of the State of Michigan.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1335 and 2361 in that Brighthouse is the party obligated to pay certain payments due under an annuity policy, which exceeds the sum of $500.00; at least two claimants of diverse citizenship within the meaning of 28 U.S.C. § 1332 are claiming or may claim to be entitled to the subject payments due under the annuity policy; and Brighthouse is prepared to deposit the future payments owed, as they come due, into the registry of the Court.

6.    Venue in this Court is proper pursuant to 28 U.S.C. § 1397 in that at least one of the claimant defendants is domiciled in this judicial district.

## BACKGROUND FACTS

7.    On or about February 8, 2012, Yolanda Keyes, as Personal Representative of the Estate of Hazel Dishanique Keyes, Deceased, entered into a Release (the "Release") with certain defendants to resolve a wrongful death action.

8.    Pursuant to an Order Approving Distribution of Proceeds entered on March 30, 2012 ("Settlement Order") by the Circuit Court of Wayne County Michigan (the "Circuit Court"),  the Circuit Court authorized the distribution of $100,000.00 to Randy Jackson, with $70,000.00 to purchase an annuity and the remaining $30,000.00 to be placed into a conservatorship account on behalf of Randy Jackson.  A copy of the Settlement Order is attached as Exhibit "1."[1]

9.    Pursuant to the Settlement Order, annuity contract 90003287RIN (the "Brighthouse Annuity") was purchased from MetLife Insurance Company of Connecticut (now Brighthouse Life Insurance Company). A copy of the annuity is attached as Exhibit "2."

10.    The owner of the annuity is Yolanda Keyes as Conservator of the Estate of Randy Jackson.  The payee of the annuity is Randy Jackson.  The Brighthouse Annuity provides for four annual payments of $19,699.50 each,

---

[1] To protect confidentiality, all exhibits have been redacted.

commencing on March 6, 2017 and continuing through and including March 6, 2020.  No additional monies are payable under the Brighthouse Annuity.

11.    On February 18, 2015, Yolanda Keyes, as Conservator of the Estate of Randy Jackson, entered into an Absolute Assignment and Security Agreement with DRB Capital, LLC and  assigned all rights and privileges of payments from the Brighthouse Annuity to DRB Capital, LLC.  A copy of the Absolute Assignment and Security Agreement is attached as Exhibit "3."

12.    On or about March 6, 2017, pursuant to the assignment noted in paragraph 11, above, Brighthouse made the first annual payment of $19,699.50 to DRB Capital, LLC.

13.    Subsequent to the payment noted in paragraph 12, above, Brighthouse's records reflect that Randy Jackson contacted Brighthouse to inquire as to the status of the payments due under the Brighthouse Annuity and advised of his concern that his mother, Yolanda Keyes, did not have access to the Brighthouse Annuity.

14.    In response to Randy Jackson's inquiry, Brighthouse became aware of the Letters of Conservatorship issued on or about March 18, 2014 by the State of Michigan Probate Court, County of Lapeer, to Yolanda Keyes with respect to the Estate of Randy Randell Jackson.  The Letters of Conservatorship state that "funds of the minor shall not be released or withdrawn except by written order of the

4

court." A copy of the Letters of Conservatorship as to the Estate of Randy Randell Jackson is attached as Exhibit "4."

15. Brighthouse is not currently aware of any written order in the Conservatorship proceeding permitting Yolanda Keyes to assign payments from the Brighthouse Annuity to DRB Capital, LLC.

16. Brighthouse has received a request by, and/or on behalf of, Randy Jackson for funds from the Brighthouse Annuity.

17. The remaining payments provided for under the Brighthouse Annuity are annual payments of $19,699.50 each, commencing on March 6, 2018 and continuing through and including March 6, 2020 (collectively, the "Payments at Issue") payable under annuity no. 90003287RIN.

## CAUSE OF ACTION IN INTERPLEADER

18. Brighthouse incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein at length.

19. Based on the foregoing, there is presently an actual, justiciable controversy between and among the Defendants as to their respective rights to the Payments at Issue.

20. Brighthouse is an innocent stakeholder and claims no title or interest in the Payments at Issue.

21.     Due to the competing claims to the Payments at Issue, Brighthouse is at risk of suffering competing claims and multiple lawsuits and/or multiple liability in connection with the Payments at Issue.

22.     Unless potentially adverse and conflicting claims to the Payments at Issue are resolved in a single proceeding pursuant to an appropriate court order, Brighthouse is subject to multiple litigation and is at a substantial risk of suffering multiple liability and/or inconsistent rulings as to its liability for the Payments at Issue.

23.     Brighthouse is now seeking, by way of this interpleader claim, certainty regarding the Defendants' respective rights to receive the Payments at Issue.

24.     Brighthouse is prepared to issue the Payments at Issue, when due, to the Court pending the resolution of this action.

25.     Brighthouse is entitled to reasonable attorneys' fees to be deducted from the Payments at Issue because it is a disinterested stakeholder in this action.

WHEREFORE, Brighthouse respectfully requests that this Court:

(a)     order each of the Defendants to assert in this action their respective claims to the Payments at Issue without further involvement of Brighthouse;

(b)     permit Brighthouse to pay the Payments at Issue into Court, as they come due, pending the determination of the claims herein and discharge Brighthouse from further participation in this action;

(c)   direct and declare the respective rights of Randy Jackson, Yolanda Keyes as Conservator of the Estate of Randy Jackson and DRB Capital, LLC to receive the Payments at Issue;

(d)   discharge Brighthouse from any and all liability in connection with, arising out of, or related to the Payments at Issue, as to any and all persons and entities;

(e)   enjoin and restrain the Defendants from commencing or further prosecuting any other proceedings in any state or United States court against Brighthouse on account of the Payments at Issue until this action is concluded;

(f)   award Brighthouse its costs and reasonable attorneys' fees to be deducted from the Payments at Issue; and

(g)   grant any such other and further relief as this Court deems appropriate.

Respectfully submitted,

Dated:  April 26, 2017

   /s/ Frederick R. Dewey
Frederick R. Dewey (P76451)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
313-223-3500
FDewey@dickinsonwright.com

*Attorneys for Plaintiff, Brighthouse Life Insurance Company*

DETROIT 56567-13 1421910v1