# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRIGHTHOUSE LIFE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>RANDY JACKSON, DRB CAPITAL, LLC, YOLANDA KEYES, as Conservator of the Estate of Randy Jackson,<br><br>      Defendants | Case No.: 5:17-cv-11327-JEL-EAS<br>Hon. Judith E. Levy |

## DEFENDANT DRB CAPITAL, LLC'S
## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, DRB Capital, LLC ("DRB"), by and through its undersigned counsel and without waiving the applicable arbitration provision, hereby pleads its affirmative defenses and its answer to Brighthouse Insurance Company's Complaint ("Brighthouse"), as follows:

### ANSWER AS TO NUMBERED PARAGRAPHS OF COMPLAINT

1. DRB lacks sufficient knowledge or information to form a belief about the truth or falsity of this allegation.

2. DRB lacks sufficient knowledge or information to form a belief about the truth or falsity of this allegation. Further, whether Jackson is a resident of Michigan involves a legal conclusion not requiring an answer.

1

3. DRB admits that it does not have a member who is a citizen of the State of Michigan and that DRB is located at the stated address in Florida. DRB denies that Capitol Corporate Services, Inc. is its registered agent for service of process in Michigan.

4. Upon information and belief, DRB admits that Yolanda Keyes is an adult individual. DRB lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegation regarding her residential address. Further, whether Keyes is a resident of Michigan involves a legal conclusion not requiring an answer.

5. This allegations involve legal conclusions not requiring an answer.

6. This allegations involve legal conclusions not requiring an answer.

7. DRB lacks sufficient knowledge or information to form a belief about the truth or falsity of this allegation.

8. DRB admits that a document purporting to be the Order Approving Distribution of Proceeds ("Settlement Order") is attached to the Complaint as Exhibit "1." DRB further admits that the Settlement Order speaks for itself and is the best evidence of what it purports to be. DRB denies any allegations in this paragraph to the extent that they differ from what is contained within the four corners and/or in the plain language of the Settlement Order.

9. DRB admits that a document purporting to be annuity contract 90003287RIN issued by MetLife Insurance Company of Connecticut (now Plaintiff, Brighthouse Insurance Company) (the "Annuity") is attached to the Complaint as Exhibit "2." DRB further admits that the Annuity speaks for itself and is the best evidence of what it purports to be. DRB denies any allegations in this paragraph to the extent that they differ from what is contained within the four corners and/or in the plain language of the Annuity.

10. DRB again admits that the Annuity speaks for itself, as to its terms, conditions, benefits and parties. DRB denies any allegations contained in this paragraph to the extent that they differ from what is contained within the four corners and/or in the plain language of the Annuity.

11. DRB admits that a document purporting to be the Absolute Assignment and Security Agreement ("DRB Agreement") is attached to Plaintiff's Complaint as Exhibit "3." DRB further admits that the DRB Agreement speaks for itself and is the best evidence of its terms, conditions, benefits, obligations and parties. DRB denies any other allegations contained in this paragraph to the extent that they differ from the four corners and plain language of the DRB Agreement.

12. Admit.

13. DRB lacks knowledge or information sufficient to form a belief in the truth or falsity of this allegation.

14. DRB lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation. DRB admits that a document purporting to be the Letters of Conservatorship ("Letters") attached to the Complaint as Exhibit "4." DRB further admits that the Letters speaks for itself and is the best evidence of what it purports to say and require.

15. DRB lacks knowledge or information sufficient to form a belief in the truth or falsity of this allegation.

16. DRB lacks knowledge or information sufficient to form a belief in the truth or falsity of this allegation.

17. DRB admits that the Annuity speaks for itself in terms of the payments required to be made. DRB denies any allegation in this paragraph not in conformity with four corners of and/or the plain language of the Annuity.

18. No answer is required.

19. This allegation is a legal conclusion not requiring an answer.

20. This allegation is a legal conclusion not requiring an answer.

21. This allegation is a legal conclusion not requiring an answer.

22. This allegation is a legal conclusion not requiring an answer.

23. This allegation generally is a legal conclusion not requiring an answer. To the extent that this allegation is not a legal conclusion, DRB lacks knowledge or information sufficient to form a belief in the truth of falsity of the allegation.

24. DRB lacks knowledge or information sufficient to form a belief in the truth or falsity of the allegation.

25. Denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense** –Brighthouse is subject to estoppel and has unclean hands, as it affirmed DRB's transaction despite its predecessor-in-interest MetLife Insurance Company of Connecticut ("MetLife") having issued the annuity number 90003287RIN (the "Annuity"). Moreover, upon information and belief, Brighthouse f/k/a MetLife had the conservatorship documents and, despite that, approved the transaction with DRB without raising the issue of the conservatorship. Among other things, Brighthouse should not be entitled to collect any attorney's fees and should assume partial responsibility for its own participation in the underlying transaction.

**Second Affirmative Defense** –There was mutual mistake, as both DRB and Brighthouse's predecessor-in-interest, MetLife relied on the apparent authority in the Annuity of Yolanda Keyes, as Conservator of the Estate of Randy Jackson, to make changes to the Annuity.

**Third Affirmative Defense** – Issues central to this matter are the subject of an arbitration agreement. As such, the proper parties should be allowed to proceed to arbitration prior to this Court making a ruling in this matter.

**Fourth Affirmative Defense** - The Complaint fails to state a claim for various reasons, including that the Letters grant Keyes the authority to manage Jackson's property. The Complaint does not allege sufficient facts to determine whether the sale of the payment rights to DRB is or is not a proper management of Jackson's property for the benefit of his estate.

## CONCLUSION

DRB agrees that any payments due should be deposited with the Court, subject to those funds being released to the corresponding party pursuant to a final arbitration award.

Alternatively, DRB requests that this matter be dismissed with prejudice and that its Agreement with Keyes be honored as agreed by Brighthouse.

**RESPECTFULLY SUBMITTED** this 26th day of June 2017.

> */s/* Sandra Elaine Lilly
> Sandra Elaine Lilly
> (Ga Bar No. 452805)
> Attorney for DRB Capital, LLC
> 1625 S Congress Ave., Suite 200
> Delray Beach, FL 33445
> T - (561) 982-3432
> E – slilly@drbmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2017, I electronically filed the foregoing documents with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification to all parties of record.

> */s/* Sandra Elaine Lilly
> Sandra Elaine Lilly (Ga Bar 452805)